Matter of Alderman (2023 NY Slip Op 02266)

Matter of Alderman

2023 NY Slip Op 02266

Decided on April 28, 2023

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ. (Filed Apr. 28, 2023.) 

&em;

[*1]MATTER OF LAURA A. ALDERMAN, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 11, 1990. By order entered June 15, 2022, this Court granted the Grievance Committee's unopposed motion to suspend respondent from the practice of law during the pendency of this proceeding, pursuant to 22 NYCRR 1240.9 (a), upon a finding that she had engaged in conduct immediately threatening the public interest related to an alcohol-related driving offense for which respondent was sentenced to probation for a period of three years in March 2022. In October 2022, the Grievance Committee filed a petition based on the events underlying that offense and, in lieu of respondent filing an answer to the petition, the parties filed a joint motion for an order of discipline on consent wherein respondent conditionally admits that she has engaged in certain acts of professional misconduct and the parties request that the Court impose the final sanction of suspension from practice for a period of two years, effective June 15, 2022.
Respondent conditionally admits that, in December 2020, the Grievance Committee issued to respondent an Admonition (see 22 NYCRR 1240.2 [b]) upon a finding that she had engaged in illegal and other conduct adversely reflecting on her fitness as a lawyer based on her October 2018 conviction of reckless endangerment in the second degree, a class A misdemeanor, and her conviction of a separate alcohol-related driving offense in December 2018. Respondent further admits that, in October 2021, she was convicted of a misdemeanor alcohol-related driving offense following a motor vehicle accident that occurred in April 2021, for which she was sentenced to probation for a period of three years in March 2022.
We grant the joint motion of the parties, find respondent guilty of professional misconduct, and conclude that respondent's admissions establish that she has violated the following provisions of the Rules of Professional Conduct (22 NYCRR 1200.0):
rule 8.4 (b)—engaging in illegal conduct that adversely reflects on her honesty, trustworthiness, or fitness as a lawyer; and
rule 8.4 (h)—engaging in conduct that adversely reflects on her fitness as a lawyer.
In imposing the sanction requested by the parties in the joint motion, we have considered the nature of respondent's admitted misconduct, her history of alcohol-related misconduct, and her efforts to seek treatment. Accordingly, after consideration of all of the factors relevant to this matter, we conclude that respondent should be suspended from the practice of law for a period of two years, effective June 15, 2022.